PETER RIGGIO, Respondent, v. FIDELITY-PHE-NIX FIRE INSURANCE COMPANY, Appellant.

### St. Louis Court of Appeals, May 4, 1915.

1. **JUSTICES' COURTS: Requisites of Statement.** A statement filed in a justice's court is sufficient if it advises the defendant of the nature of the claim asserted and is sufficiently specific and definite to operate as a bar to another action on the same demand.

2. **FIRE INSURANCE: Proof of Loss: Waiver.** Where an insurance company denied liability on a fire insurance policy because it claimed the fire was of an incendiary origin, it waived the provision of the policy that the loss should not be payable until sixty days after notice, ascertainment, estimate and satisfactory proof of loss had been received by insurer and that no action on the policy could be maintained until after full compliance with these requirements by insured.

3. **APPELLATE PRACTICE: Conclusiveness of Verdict.** The verdict of a jury on conflicting evidence is conclusive on appeal.

4. **APPELLATE PRACTICE: Appellant's Brief: Necessity of Making Points in Brief.** A point made by appellant in oral argument which is not made nor assigned as error in his brief need not be considered by the court.

5. **INSTRUCTIONS: Construction: Entire Charge Considered.** In determining whether an instruction is prejudicial to the complaining party, it should be considered in connection with the other instructions given.

Appeal from St. Louis City Circuit Court.—*Hon. J. Hugo Grimm,* Judge.

AFFIRMED.

*Fauntleroy, Cullen & Hay* for appellant.

(1) The period of sixty days prescribed by the policy must elapse before the assured can sue for payment of the loss; the clause in the policy operates as a condition precedent. Dwelling-House Ins. Co. v. Shaver, 52 Ill. App. 326; Clemens v. American Ins. Co., 70 App. Div. 435, 75 N. Y. Supp. 484; First Nat. Bank v. Dakota Ins. Co., 6 S. D. 424, 61 N. W. 439; German Ins. Co. v. Hall, 1 Kan. App. 43, 41 Pac. 69; Fire Assoc. v. Colgin, 33 S. W. 1004; Doyle v. Phoenix Ins. Co., 44 Cal. 264; Kensington Nat. Bank v. Yerkes, 86 Pa. St. 227; Spare v. Home Ins. Co., 19 Fed. 14; Columbia Ins. Co. v. Lawrence, 10 Pet. (U. S.) 507; Shawmut Sugar Co. v. Hampden Ins. Co., 12 Gray (Mass.), 535; Davis v. Davis, 49 Me. 282; German-American Ins. Co. v. Hocking, 115 Pa. St. 398; Cascade Ins. Co. v. Journal Publishing Co., 1 Wash. 452, 25 Pac. 331. (2) An allegation that sixty days have elapsed after proofs of loss were received by the defendant before the suit was commenced is necessary where the policy (as in this case) specifically provides that the loss shall not be payable until after sixty days and no suit shall be sustained until after full compliance with all the requirements of the policy. In the present case there is not even a general averment of performance, and hence the petition is fatally defective. Clemens v. American Fire Ins. Co., 75 N. Y. Supp. 484; Vale v. Pa. Fire Ins. Co., 67 N. J. L. 66, 50 Atl. 671; Gannon v. Millers Ins. Co., 171 Mo. 143. (3) The rule is well established that the insurable interest in the property must be alleged and proved to have existed at the time of the issuing of the policy and at the time of the fire or loss, and in this case there is no such allegation and hence no cause of action is stated. Gusten v. Concordia Ins. Co., 90 Mo. App. 373; Harnes v. National Ins. Co., 62 Mo. App. 245; White v. Mercantile Ins. Co., 93 Mo. App. 282; 2

Clement on Insurance, page 126. (4) The petition is defective for the further reason that it fails to state the value of the property at the time of the fire, and fails to allege the loss was due and payable. Sharp v. Ins. Co., 164 Mo. App. 487.

*Henry M. Walsh* for respondent.

If the company, upon being advised of a claim against it for a loss, and within the time for filing proofs, unqualifiedly denies any liability, it thereby estops itself from afterward interposing failure to furnish proofs as a defense. 19 Cyc. 867; Siegle et al. v. Phoenix Ins. Co. of Brooklyn, 107 Mo. App. 456; Cullen v. Ins. Co. of North America, 126 Mo. App. 412, 104 S. W. 117; Phoenix Ins. Co. v. Center, 31 S. W. 446, 10 Tex. Civ. App. 535; Siegle & Son v. Phoenix Ins. Co., 107 Mo. App. 456, 81 S. W. 637; Vining v. Franklin Ins. Co., 89 Mo. App. 311; Siegle & Son v. Badger Lumber Co., 106 Mo. App. 110, 80 S. W. 4; 13 Am. & Eng. Ency. Law (2 Ed.), 345; 2 May on Ins. (4 Ed.), No. 469; Ostrander on Ins. (2 Ed.), Nos. 223-252. (2) Absolute denial of liability under the policy constitutes such a waiver, and action may be brought at once on such denial. 19 Cyc. 904; Landis v. Home Mut. F. & M. Ins. Co., 56 Mo. 591; Phillips v. Protection Ins. Co., 14 Mo. 220; Hosmer v. St. Joseph Town Mut. F. Ins. Co., 80 Mo. App. 419.

ALLEN, J.—This is an action upon a policy of fire insurance issued by defendant to plaintiff insuring a horse, wagon and set of harness against loss or damage by fire. The policy was issued on March 20, 1912, and on September 30, 1912, the property insured was totally destroyed by fire. The suit was instituted before a justice of the peace on October 22, 1912, and found its way to the circuit court where upon a trial *de novo,* before the court and a jury, there was a verdict

and judgment for plaintiff for the amount named in the policy, to-wit, $325, and the case is here upon defendant's appeal.

It is urged that the petition is, for certain reasons advanced, fatally defective and fails to state a cause of action. It is quite clear, however, that it is sufficient as a statement before a justice of the peace; and it is unnecessary to set it out or dwell upon the arguments thus advanced. The statement together with the policy of insurance filed therewith sufficed to apprise the defendant of the nature of the claim asserted against it, and was sufficiently specific and definite to operate as a bar to another action on the same demand.

The policy, among other things, provided that the loss should not become payable until "sixty days after the notice, ascertainment, estimate and satisfactory proof of the loss," therein required, had been received by the company, and that no action could be maintained on the policy until after full compliance by the insured with this and other requirements thereof.

No attempt was made to assert any defense upon the merits. The defendant filed no pleading, but the defense sought to be interposed was that the suit was prematurely instituted. There is much conflict in the evidence as to what took place at defendant's office in the city of St. Louis, subsequent to the loss and prior to the institution of the action. It is unnecessary to rehearse the details of the testimony *pro* and *con* as to this. It appears that after making some effort to secure the payment of his claim plaintiff placed the matter in the hands of his attorney who called at defendant's said office, notified defendant of the loss, and received forms for making proof of loss which were executed and forwarded to defendant's main office in New York City. It appears that plaintiff's counsel thereafter made frequent visits to defendant's St. Louis office, prior to the institution of the suit. The testimony is highly conflicting as to what took place, but on behalf

of plaintiff there is testimony to the effect that defendant's agent in charge of such office finally denied liability on the policy, stating that the fire was of incendiary origin and that the company would pay nothing. This defendant's representative denied.

It is not disputed that denial of liability by defendant would operate as a waiver of the provisions of the policy relied upon by defendant in support of its contention that the suit was prematurely instituted. The evidence in plaintiff's behalf was ample to warrant the finding that defendant had denied liability on the policy, and had thus waived such clause therein. It was the province of the jury to resolve the conflict in the evidence on this score, and its verdict concludes the matter here.

Some argument *ore tenus* was directed to an attack upon an instruction given by the court of its own motion, and brief reference thereto is made in appellant's argument. But no assignment of error is made as to the giving of this instruction, nor is any point made in appellant's "points and authorities," and no authorities are cited in support of the argument. It is therefore unnecessary to discuss the matter further than to say that it does not appear that the instructions, when viewed as a whole, could have misled the jury to defendant's prejudice.

Other questions need not be discussed. We perceive no reversible error in the record. The judgment is clearly for the right party, and should be affirmed. It is so ordered. *Reynolds, P. J.,* and *Nortoni, J.,* concur.