**Margaret GARRISON, Plaintiff-Appellant,**

**v.**

**UNITED STATES FIDELITY & GUARANTY CO., Defendant-Respondent.**

No. 35016.

Missouri Court of Appeals,
St. Louis District,
Division 1.

Feb. 5, 1974.

Ziercher, Hocker, Tzinberg, Human & Michenfelder, Leonard D. Vines, Clayton, for plaintiff-appellant.

John H. Cunningham, Jr., Willson, Cunningham & McClellan, St. Louis, for defendant-respondent.

WEIER, Judge.

This is a case wherein plaintiff Margaret Garrison filed suit for the proceeds of a homeowner's policy of insurance which insured her against loss or damage by fire in the amount of $8,000.00 upon unscheduled personal property. Defendant insurance company denied liability on the insurance policy, urging that the plaintiff and her husband, Donald Garrison, intentionally caused the fire to be set. From a

defendant's verdict and judgment thereon, the plaintiff Margaret Garrison has appealed. Although plaintiff has set forth four points relied on to reverse the judgment of the trial court, essentially there are two, each with variations on the same theme. In the first point, plaintiff contends that the evidence failed to support the giving of defendant's instruction which hypothesized that the fire was intentionally set for the purpose of burning the personal property by a person or persons acting for and with the knowledge and consent of the plaintiff. The second point, which is also directed to the inadequacy of the evidence, asserts that the verdict was against the weight of the evidence and that defendant did not meet its burden of proof in that it both failed to offer any positive identification as to who in fact may have started the fire and failed to prove that person started the fire with the knowledge and consent of the plaintiff. As to the first assertion under point two that the verdict was against the weight of the evidence, we do not weigh the evidence on appeal in a jury tried case. Beesley v. Howe, 478 S.W.2d 649, 653[7] (Mo.1972). As to the failure of the evidence either to support defendant's instruction or to prove a submissible defense under defendant's theory of the case, we consider the evidence favorable to the defendant, disregarding plaintiff's evidence unless it tends to support the submission. Rickman v. Sauerwein, 470 S.W.2d 487, 489[1] (Mo.1971). We therefore review the evidence favorable to the submission.

■ Margaret Garrison and her husband, Donald Garrison, were the owners of personal property situated at 7700 Jerome Avenue, Maplewood, Missouri. On March 18, 1969, Margaret Garrison was issued a homeowner's policy of insurance whereby she was insured against loss or damage by fire in the amount of $8,000.00 upon unscheduled personal property at this address. While this policy was in effect, a fire occurred on the premises on December 31, 1969, while plaintiff and her husband were in Chicago, Illinois. There was no dispute about the amount of the loss, it being agreed by plaintiff and an agent of the defendant that the amount of the loss was approximately $8,950.00. Prior to the time that Mr. and Mrs. Garrison left for Chicago, they had given an employee by the name of Bill Hornberg a key to the premises. He, at that time, used a Mustang automobile which the Garrisons owned. Hornberg was described by Mrs. Garrison as being a young man, 18 to 20 years of age, of medium build, with blondish brown hair. On the night of the fire, Eugene Boldern, a 14-year-old boy who lived near plaintiff's house, while going to a party at the Salvation Army on the opposite side of the street, saw a young man whom he recognized as having worked in the recent past at the Garrison property, bearing this same description as Hornberg, open the garage door, pick up two gasoline cans, shake the contents all over the place, and then light a match. An officer of the Maplewood Fire Department, a detective for the City of Maplewood, and a detective on the bomb and arson squad of St. Louis County Police Department investigated the fire, and testified that there appeared to be a strong odor of paint thinner or other inflammable liquid when they entered the building. There appeared to be fire set in three separate places in the building, and, according to the opinion of one, the fire had been intentionally set.

Donald Garrison, although not a party to the lawsuit, was owner of some of the personal property covered by the insurance. He was also an additional insured under terms of the policy sued on. The building wherein the personal property was located had been purchased by the plaintiff and her husband in 1964 for $6,000.00, and they had made improvements on it. At the time of the fire it was insured for $35,000.00. The building also housed the corporate headquarters of Fiber-Lum, a home improvement business which was wholly owned by plaintiff and in which the husband performed supervisory and sales

work. The Attorney General of Missouri obtained a restraining order which permanently stopped the operations of this business in July of 1969. $15,000.00 of insurance had been purchased on the contents of the building which pertained to the business operations. The market value on the property, both as to building and contents, was much less than the figure agreed upon by the owners with the insurance adjuster as to replacement cost less depreciation. Donald Garrison handled the purchase of the insurance on the property, including both the building and the contents.

Although there was no direct evidence that the plaintiff Margaret Garrison directed the setting of the fire that destroyed the insured property, there was very strong circumstantial evidence to indicate that the fire was set with her knowledge and consent. Direct evidence established that the fire was deliberately set. The person who set the fire was identified as an employee of plaintiff and her husband, and his description was essentially the same as that of Bill Hornberg, the employee described by plaintiff. Hornberg had received a key to the premises and the use of an automobile before the plaintiff and her husband left for Chicago the day before the fire. When the firemen arrived to fight the fire, they found that the building was completely locked. Hornberg had not only worked for plaintiff, but had also lived in plaintiff's home. Hornberg, the plaintiff and her husband were still on friendly terms after the fire, just as they had been prior to the fire. Strong motives existed for having the property burned. Plaintiff's business, in which her husband had also been engaged, had been shut down by a fraud restraining order. The business operation had not been resumed until the time the fire occurred. A large amount of insurance existed on the building and its contents. Plaintiff admitted that she had no enemies and had received no threats. She failed to offer any evidence to show that anyone other than she and her husband had any motive to cause the building to be set on fire.

In speaking of the evidentiary standards required to sustain a defense of arson in a suit on an insurance policy, this court in Copeland v. American Cent. Ins. Co., 191 Mo.App. 435, 177 S.W. 820, 825 (1915), stated: "Since the presumption is that men are honest and actuated by correct motives, fraud is never presumed. Neither will evidence which merely raises a suspicion of fraud suffice as proof of the existence thereof. * * * However, it is entirely legitimate to infer fraud from surrounding facts and circumstances which point directly to its existence." (Citations omitted.) In its reference to other cases concerning the proof of fraud, the opinion quotes Judge Lamm in State ex inf. Hadley v. Standard Oil Co., 194 Mo. 124, 91 S.W. 1062, 1071 (1906): "Now, in investigating fraud it is elementary that courts tolerate a wide latitude and a minute search; for fraud, originating in oblique cunning, is often deeply laid away and may be got at alone by the keenest scrutiny, by acute probing, and sometimes by the aid of indirection, a weighing and sifting of motives, and, again, the putting together of trivial circumstances may furnish persuasive evidence of fraud". Again, quoting Hopkins v. Sievert, 58 Mo. 201 (1874): "Very slight circumstances, therefore, may, although apparently trivial and unimportant of themselves, afford, when combined together, irrefragable proof of fraudulent intent."

The evidence presented by defendant constituted substantial evidence to sustain the defense that plaintiff procured the fire to be set. The trial court, therefore, did not err in submitting this defense to the jury by its instruction. Such evidence submitted constitutes competent evidence and sustains defendant in its burden of proof on its affirmative defense of arson.[1]

1. Even in a criminal prosecution where the state is required to prove guilt beyond a reasonable doubt, circumstantial evidence may be relied upon to establish guilt of arson. State v. Ferrara, 320 S.W.2d 540, 544 [1] (Mo.1958).

Plaintiff's second attack upon the validity of the judgment arises out of the failure of the court to sustain objections to argument by defense counsel before the jury that Donald Garrison, plaintiff's husband, failed to appear and testify. The pleadings and the evidence in this case indicated that Donald Garrison was very much interested in the outcome of the litigation. The policy sued on covered the personal property of Mr. Garrison. His wife's suit included and sought recovery for the loss of his personal property. Through a straw party, plaintiff and her husband owned the building in which the property was situated. Plaintiff's husband acted as the manager in the operation of the business owned by plaintiff and conducted on the premises. Mr. Garrison handled the purchase of all the insurance. Plaintiff and her husband acted together when they left the home, locked it up, gave the key to Bill Hornberg, and departed for Chicago. The relationship of husband and wife which existed in this case is sufficient to prevent Donald Garrison from being equally "available" to the defendant as a witness in this case. The failure of a party to call other witnesses within his or her power, who have knowledge of facts and circumstances vitally affecting the issues on trial, raises a strong presumption that such testimony would have been unfavorable and damaging to the party who failed to proffer it. Because a spouse of a party to litigation is not "equally available" to the other party as a witness, it was proper for counsel to make the comment that he did. In fact, if the court had sustained the objection, defendant would have been prevented from commenting on the failure of plaintiff to call her husband as a witness, and reversible error would have been committed. Williams v. Ricklemann, 292 S. W.2d 276, 282–283 [11–14] (Mo.1956).

The judgment is affirmed.

DOWD, C. J., and KELLY, J., concur.