**Jerry P. FRANCKA,**
**Plaintiff-Respondent,**

v.

**FIRE INSURANCE EXCHANGE,**
**Defendant-Appellant.**

**No. 12672.**

Missouri Court of Appeals,
Southern District,
Division Two.

March 7, 1984.

Motion for Rehearing Overruled and to Transfer to Supreme Court Denied
March 28, 1984.

Donald E. Bonacker, Bonacker & Reynolds, P.C., Springfield, for plaintiff-respondent.

E. Mitchell Hough, Dale L. Davis, Bussell, Hough, O'Neal, Crouch & Hall, Springfield, for defendant-appellant.

PREWITT, Judge.

Plaintiff sought recovery from defendant under an insurance policy insuring his house against loss by fire. Defendant's principal defense was that plaintiff intentionally set fire to the dwelling. A jury determined that plaintiff was entitled to recover for damage to the house, its contents, and for its loss of use, with interest on all three amounts, and attorney's fees for vexatious refusal to pay. Judgment was entered in accordance with the jury's findings. Defendant appeals.

The record consists of 1,709 pages of transcript, a legal file of 88 pages, and 139 exhibits, many of them several pages in length. Our examination of it shows that there was sufficient evidence to support the jury findings on the policy, that no error of law by the trial court appears in regard to those findings, and that an opinion regarding defendant's points contesting those findings would have no precedential value. Although there was substantial evidence that plaintiff intentionally caused the fire, there was evidence that he did not, and we are bound by the jury's factual determination on this issue. We do not weigh the evidence and defendant had the burden of proof to show that plaintiff intentionally started the fire. *Garrison v. United States Fidelity & Guaranty Co.,* 506 S.W.2d 87, 88, 89 (Mo.App.1974). A summary of the extensive evidence would serve no useful purpose. The judgment in respect to recovery on the policy is affirmed pursuant to Rule 84.16(b).

We reach a contrary result as to the attorney's fees awarded under § 375.420, RSMo 1978. The evidence that plaintiff set the fire established that defendant believed and had reasonable cause to believe that there was no liability under its policy. This ordinarily would preclude vexatious damages or attorney's fees. *Welch v. Western Casualty and Surety Company,* 567 S.W.2d 743, 748 (Mo.App.1978).

Plaintiff does not contend that there was not a litigable issue, but citing *Berry v. Federal Kemper Insurance Company,* 621 S.W.2d 948 (Mo.App.1981), says there was other evidence that defendant's attitude was vexatious and recalcitrant. He states that the evidence supporting this was defendant's changing its reason for denying payment after its original denial; falsely stating in its denial letter that many items of personal property had been removed from the house before the fire; and not making a thorough investigation of the fire.

Plaintiff asserts that the defense that plaintiff intentionally caused the fire was not raised in the original letter of denial. We do not agree. The letter set forth that the policy had been violated because plaintiff falsely swore that he had not intentionally caused the fire which is of necessity a contention that he did so. While the letter could perhaps have been better worded, we believe that defendant's contention has been clear from the time of that letter until the present and that the primary reason for the denial did not change.

The investigations of the State Fire Marshal and defendant's investigator, at least when combined, were sufficient to give defendant a reasonably based belief that plaintiff set the fire and that items had been removed before it was started. We conclude that vexatious damages and attorney's fees should not have been submitted to the jury.

Defendant also questions the award of prejudgment interest. The general rule is that a policyholder is entitled to interest at the proper rate, at present 9%,

§ 408.020, RSMo Supp.1982, from the date that the claim became payable under the policy. *St. Louis County National Bank v. Maryland Casualty Company*, 564 S.W.2d 920, 930 (Mo.App.1978). Here it became payable when defendant denied the claim, which was prior to the date from which the jury was instructed to compute interest. See *Riggio v. Fidelity-Phenix Fire Ins. Co.*, 190 Mo.App. 592, 176 S.W. 280, 281 (1915); *Nelson v. Aetna Life Insurance Company*, 359 F.Supp. 271, 298 (W.D.Mo.1973). Recovery of interest was properly submitted to the jury.

The judgment is affirmed in all respects except the awarding of attorney's fees. The cause is remanded to the trial court with directions to enter a new judgment omitting from plaintiff's recovery the sums awarded as attorney's fees.

MAUS, P.J., and HOGAN, J., concur.