Peggy **BATEMAN**, Plaintiff–Appellant,

v.

**STATE FARM FIRE AND CASUALTY COMPANY**, Defendant–Respondent.

No. 56655.

Missouri Court of Appeals, Eastern District, Division Four.

Aug. 27, 1991.

Gregory G. Fenlon, Gerald Michael Dunne, Godfrey, Dunne & Smallwood, St. Louis, for plaintiff-appellant.

Daniel E. Wilke, Brinker, Doyen & Kovacs, P.C., Clayton, for defendant-respondent.

SMITH, Presiding Judge.

Plaintiff appeals from a judgment against her, based upon a jury verdict, in her suit under a fire insurance policy for damages sustained as a result of a fire in her home. We affirm.

There is no dispute that the fire occurred, that State Farm had issued its policy covering the premises, or that the fire occurred during the coverage period of the policy. The company defended on the basis that the fire was incendiary in origin and that plaintiff was responsible for the fire. It further defended on the basis that the plaintiff had misrepresented the losses she sustained as a result of the fire. Both defenses were submitted to the jury. Plaintiff challenges the sufficiency of the evidence to support either of the defenses and therefore the propriety of submitting the defense instructions to the jury.

■ We view the evidence and the inferences to be drawn therefrom most favorably to the party offering the instructions and disregard contrary evidence and inferences. *Mozelewski v. Shannon*, 774 S.W.2d 849 (Mo.App.1989) [1]. It is not necessary to establish the arson defense beyond a reasonable doubt, a preponderance of the evidence is sufficient. *Garrison v. United States Fidelity & Guaranty Co.*, 506 S.W.2d 87 (Mo.App.1974) Ftnt. 1. So long as the evidence and the reasonable inferences to be drawn therefrom tend more toward the probability that the fire was brought about by the procurement of the plaintiff the defendant's burden of submissibility has been sustained. *Bennco Sales & Salvage, Inc. v. Gulf Insurance Co.*, 759 S.W.2d 336 (Mo.App.1988) [1].

■ Expert testimony established that the fire was intentionally set using gasoline. The firefighters reported the odor of gasoline at the scene, the burn patterns were typical of a fire utilizing an accelerant, and laboratory reports identified gasoline in carpet samples taken. No accidental or natural cause was found by the experts. Plaintiff was the last person known to have left the premises before the fire. Plaintiff had exclusive possession of the keys to the house. The fire department forced entry into the house to fight the fire. Plaintiff's fingerprints were found on two gasoline cans located in the garage. Plaintiff testified that she only owned one can. Plaintiff changed her usual routine by taking her son to kindergarten shortly before the fire was discovered rather than have him ride the bus as was usual. It may reasonably be inferred that this action was designed to give her an alibi. Plaintiff had been notified shortly before the fire that she would either have to relocate to Indiana or lose her job as a truck assembler, and she had executed papers indicating her intention to relocate. Shortly before the fire plaintiff had listed the property for sale but had received a high bid only equal to the amount of the mortgage—$43,000. The bids received were refused. Fire coverage on the house was $73,000 and contents insurance was $54,000 additional. The inventory of property damaged by the fire submitted to the insurance company included items not in the house at the

time of the fire. Plaintiff indicated her only "enemy" was her ex-husband who was in attendance at a regional sales meeting before, during and after the fire. This evidence and the inferences to be drawn therefrom are sufficient to submit the issue of arson by the plaintiff to the jury. *Garrison, supra; Bennco, supra.*

■ Plaintiff's contention concerning the misrepresentation defense is similarly without merit. There was substantial evidence from plaintiff's ex-husband that much of the property listed in her inventory was never in the house. This was supported by pictures taken by police officials immediately after the fire. In an apparent attempt to invoke the valued policy statute, § 379.140 R.S.Mo.1986, plaintiff challenges the authority of the company to request from her a listing of the property destroyed or damaged. Such a limitation would apply only to a total loss of the property insured. The fire here was limited to two bedrooms and a hall. There was other personal property which was not destroyed or damaged which plaintiff left on the premises when she moved. The valued policy statute has no applicability under the facts here. The evidence was sufficient to establish that plaintiff misrepresented her loss to the company and there was no error in submitting the issue to the jury. *Galvan v. Cameron Mutual Insurance,* 733 S.W.2d 771 (Mo.App.1987) [6]; *Childers v. State Farm Fire and Casualty Company,* 799 S.W.2d 138 (Mo.App.1990) [5].

What we have said disposes of plaintiff's claim that the trial court erred in not directing a verdict or granting a motion for judgment notwithstanding the verdict.

■ Plaintiff also premises error on three evidentiary rulings. One involved a discretionary ruling in which the court refused to allow testimony because of refusal to divulge the information during discovery. We find neither abuse of discretion nor prejudice from this ruling. The evidence was cumulative and did not establish plaintiff's alibi as even if admitted it did not show she was not present when the fire started or that she did not utilize someone to set the fire. Another challenged

ruling involved a laboratory report of an independent investigating company concerning gasoline residue in the carpet. The same results were found by the police laboratory so the evidence was clearly cumulative and non-prejudicial if the ruling was erroneous. The final contention of error involves questions casting doubt on the credibility of a member of plaintiff's attorney's firm who was testifying concerning reasonable attorney's fees on plaintiff's claim for damages for vexatious refusal to pay. The jury never reached that issue. If error occurred it was not prejudicial.

Judgment affirmed.

CARL R. GAERTNER, C.J., and SATZ, J., concur.