

# Missouri Court of Appeals

## Southern District

### Division One

| | | |
|---|---|---|
| FARM BUREAU TOWN & COUNTRY INSURANCE COMPANY OF MISSOURI, | ) ) ) | |
| Plaintiff-Appellant, | ) ) | |
| vs. | ) ) | No. SD32416 |
| JAMES AND PATRICIA SHIPMAN, | ) ) | FILED: May 6, 2014 |
| Defendants-Respondents. | ) | |

APPEAL FROM THE CIRCUIT COURT OF LAWRENCE COUNTY

Honorable Carr L. Woods, Special Judge

## REVERSED AND REMANDED WITH DIRECTIONS

Farm Bureau won a $320,000 arson verdict against its insureds ("Defendants"), who moved for JNOV or alternatively for a new trial based on alleged instructional error. The trial court granted both requests, ruling

> that according to Missouri law there are four elements that a fire was set or caused by an insured which are as follows: (1) the incendiary nature of the fire; (2) motive on the part of the insured to set the fire; (3) opportunity for the insured, or someone acting on the insured's behalf, to set the fire; and (4) inculpating circumstances which are relatively strong.

Finding that Farm Bureau "did not meet the burden of proof required of preponderance of evidence particularly regarding motive, opportunity and strong inculpating circumstances," the court granted JNOV in Defendants' favor. In case the JNOV was reversed or vacated on appeal, the court also granted the alternative motion for new trial.

The court erred in both respects. We reverse and remand with directions to enter a judgment in accordance with the jury's verdict.

### Background

Consistent with our standard of review, *see Laws v. St. Luke's Hospital*, 218 S.W.3d 461, 466 (Mo.App. 2007), we summarize evidence and reasonable inferences favorably to Farm Bureau, disregarding contrary proof.

Defendants were paid to raise turkeys owned by a third party, Ag Forte. They owned four turkey barns, mortgaged to their bank ("Bank") and insured by Farm Bureau. Conditions in two of these barns got so bad that Ag Forte pulled those birds and moved them elsewhere to protect its investment. This slashed Defendants' income by half, quickly causing financial difficulties and forcing Defendants to ask Bank for concessions on their $325,000 farm debt.

Within three months, the empty barns fell prey to arson. Defendants' other barns, which still housed turkeys, were unaffected.

Farm Bureau paid Bank $320,000 on the fire loss,[1] then sued Defendants to recover that sum, and offered trial evidence from which jurors could reasonably infer

---

[1] Bank, a loss payee under the policy, was protected by a "standard" mortgage clause. *See Travers v. Universal Fire & Cas. Ins.*, 34 S.W.3d 156, 161 (Mo.App. 2000). Farm Bureau's payment left Defendants owing Bank only $5,000.

Defendants' arson liability. Eleven jurors signed a $320,000 verdict in Farm Bureau's favor, which the court's JNOV and new trial rulings negated.

## JNOV (Point I)

We find two fatal errors in the court's JNOV ruling.

### *Error as to "Four Elements"*

Dating back to the 1800s, Missouri cases hold that an insurer makes an arson claim or defense by showing that its insured intentionally caused or procured the fire. Proof may be circumstantial and a preponderance of evidence is sufficient. *See, e.g.*, ***Rothschild v. Am. Cent. Ins. Co.***, 62 Mo. 356, 361 (1876), cited in ***Miller v. Firemen's Ins. Co.***, 229 S.W. 261, 266 (Mo.App. 1921), which is cited in ***Bennco Sales & Salvage v. Gulf Insurance Co.***, 759 S.W.2d 336, 337, 338 (Mo.App. 1988), which is cited in ***McCreery v. Continental Insurance Co.***, 788 S.W.2d 307, 311 (Mo.App. 1990), and in ***Bateman v. State Farm Fire and Cas. Co.***, 814 S.W.2d 684, 685 (Mo.App. 1991).

The trial court's reference to "four elements" derives from *federal* cases, cited by Defendants, which treat evidentiary facts as elements of an arson claim or defense.[2] Missouri law, as noted, is not so regimented. "So long as the evidence and

---

[2] The trial court parroted ***Nationwide Mutual Fire Insurance Co. v. Fleming***, 750 F. Supp. 996 (E.D. Mo. 1990), which stated, without citing Missouri authority:

> There are four elements the insurer must establish by a preponderance of the evidence in order to establish that the fire was set or caused to be set by the defendants. The elements are: (1) the incendiary nature of the fire; (2) motive on the part of the insured to set the fire; (3) opportunity for the insured, or someone acting on the insured's behalf, to set the fire; and (4) inculpating circumstances which are relatively strong.

*Id.* at 999.

3

the reasonable inferences to be drawn therefrom tend more toward the probability that the fire was brought about by the procurement of the [insured,] the [insurer's] burden of submissibility has been sustained." ***Bateman***, 814 S.W.2d at 685.

*Error as to "Preponderance of Evidence"*

The court granted JNOV because it found that Farm Bureau "*did not meet the burden of proof required of preponderance of evidence* particularly regarding motive, opportunity and strong inculpating circumstances" (our emphasis). This misstates not only arson's elements, but the standard for JNOV, which lies only if the plaintiff "failed to make a submissible case." ***Laws***, 218 S.W.3d at 466.

> Essentially, a JNOV motion is a challenge to the submissibility of the case. We review a trial court's grant of a motion for JNOV *de novo* and must determine whether the plaintiff made a submissible case. To make a submissible case, a plaintiff must present substantial evidence that tends to prove the facts essential to plaintiff's recovery. Substantial evidence is competent evidence from which the trier of fact can reasonably decide the case.

***J.M. Neil & Associates v. Alexander Robert William, Inc.***, 362 S.W.3d 21, 23-24 (Mo.App. 2012) (citations and quotation marks omitted).

As previously noted, Farm Bureau made a submissible case.[3] JNOV thus was not proper. We grant Point I.

**Alternative New Trial (Point II)**

Defendants effectively conceded this point if they lost the submissibility issue under Point I. Their brief's 11-page Point I argument, titled "FARM BUREAU

---

[3] Defendants' reference to old rules about equally valid inferences is not persuasive. *See **Tiger v. Quality Transp., Inc.***, 375 S.W.3d 925, 927 n.3 (Mo.App. 2012).

FAILED TO MAKE A SUBMISSIBLE CASE," was followed by a two-sentence Point II argument quoted here in its entirety:

> Plaintiff correctly states that Defendants waived any objection to the form of the verdict director. The prejudice suffered by Defendants as a result thereof is based on the total failure of Plaintiff's evidence to make a submissible case against either Defendant which has been addressed elsewhere in this brief.

When asked at oral argument if this meant the whole appeal comes down to Point I, Defendants' counsel replied that it "comes down to the submissibility issue, yes."

The record of Defendants' submissibility-focused objections at the instruction conference, and their submissibility-based motion and suggestions for new trial, fully supports their commendable concessions. Given our prior finding that a submissible case was made under Missouri case law, we grant Point II.[4]

## Conclusion

The judgment is reversed. We remand the case and direct the trial court to enter a judgment consistent with the jury's verdict.

DANIEL E. SCOTT, J. – Opinion Author

NANCY STEFFEN RAHMEYER, P. J. – Concurs in part; Dissents in part in separate opinion

WILLIAM W. FRANCIS, JR., C. J. – CONCURS

---

[4] With due respect to the dissent, the trial court did not make any "against the weight" finding or grant its new trial on that basis. Submissibility ("not supported by substantial evidence") and "against the weight" are different and "distinct legal claims." *J.A.R. v. D.G.R.*, No. SC93649, slip op. at 10 n.10 (Mo. banc Apr. 1, 2014). No matter what prior cases cited by the dissent may have suggested, now it is clear that courts should not mix these two separate concepts. *Id.*, slip op. at 8-10.



# Missouri Court of Appeals

### Southern District

### Division One

FARM BUREAU TOWN & COUNTRY   )
INSURANCE COMPANY OF MISSOURI, )
                                )
    Plaintiff-Appellant,         )
                                )
    vs.                            )       No. SD32416
                                )
JAMES AND PATRICIA SHIPMAN,   )       **Filed: May 6, 2014**
                                )
    Defendants-Respondents.     )

### APPEAL FROM THE CIRCUIT COURT OF LAWRENCE COUNTY

### Honorable Carr L. Woods, Special Judge

### <u>CONCURS IN PART AND DISSENTS IN PART</u>

I concur in the result of the majority opinion that a submissible case was made by Farm Bureau and the JNOV should be reversed. I do so because Farm Bureau presented substantial evidence to make a submissible case.

> A defendant is entitled to judgment notwithstanding the verdict (JNOV) only when the plaintiff fails to make a submissible case. *Porter v. Toys "R" Us–Del., Inc.*, 152 S.W.3d 310, 315 (Mo.App.W.D.2004). To make a submissible case, the plaintiff must present substantial evidence for every fact essential to liability. *Id*. "Substantial evidence is that which, if true, has probative force upon the issues, and from which the trier of fact can reasonably decide the case." *Id*. (internal quotes and citation omitted).

1

"In reviewing for a submissible case, the evidence and all reasonable inferences drawn therefrom are viewed in the light most favorable to the plaintiff." *Id*. The plaintiff's evidence is presumed to be true, and the defendant's evidence that does not support the plaintiff's case is disregarded. *Id*. at 315–16. However, an appellate court will not supply missing evidence or give the plaintiff the benefit of unreasonable, speculative, or forced inferences. *Id*. at 316. "Whether the evidence in a case is substantial and whether the inferences drawn therefrom are reasonable are questions of law." *Id*. Granting a JNOV is a drastic action, and a jury's verdict will not be overturned unless there is a complete absence of probative facts to support it. *Id*.

*Anderson v. Parker*, 351 S.W.3d 827, 831 (Mo. App. W.D. 2011).

In this case, the evidence, viewed as we must view it for this point, was sufficient to permit the jury reasonably to find that either of the Insureds intentionally caused or procured the fires that destroyed two of their four turkey barns.[1] Viewed in the light that we must view it, the evidence was probative of the following facts. On March 9, 2009, two of the Insureds' four turkey barns were destroyed by fire. An independent expert who was a fire investigator for the Missouri State Fire Marshall's Office at the time of the fire, and an expert retained by Farm Bureau, both testified (1) that each barn was destroyed by a separate fire (or fires in the case of Farm Bureau's retained expert) that had "[v]ery minimal" or "no communication" with (or spread or travel to) the fire (or fires) in the other barn, (2) that the destruction caused by the fires was similar, and (3) that the fires were intentionally set.

The Insureds' turkey supplier had removed its turkeys prematurely from the two barns that burned slightly more than three months before the fire, and it was unlikely that the Insureds would be able to place turkeys back into those two barns in the near future. The turkey supplier left its turkeys in the two barns that did not burn. The premature

---

[1] To be sure there were evidence and inferences contrary to the jury's verdict, but under our standard of review that evidence and those inferences are to be disregarded.

removal of the turkeys caused a 50% reduction in the Insureds' income, and caused the Insureds' to reduce their loan payments to the bank to interest-only payments.

At the time of the fire, the Insureds owed a little less than $325,000 to a bank, and the debt was secured by the Insureds' turkey barns. Farm Bureau paid the bank $320,000 under the Insureds' insurance policy as a result of the destruction by fire of the two barns from which the turkeys had been removed prematurely with the result that the Insureds' debt to the bank was reduced to "around $5,000." Only the two barns from which the turkeys had been removed prematurely burned, the barns that burned were older than the barns that did not burn, and the Insureds were present on the farm where the barns were located when the barns burned. Viewed in the light most favorable to the jury's verdict, this evidence was sufficient to permit the jury reasonably to find either of the Insureds intentionally caused or procured the fires that burned their turkey barns.

I disagree as to the disposition of Farm Bureau's second point, however. First, I note that the only judgment contained in the legal file in this appeal is the judgment entered November 13, 2012, which granted the Insureds' motion for judgment notwithstanding the verdict and, alternatively, granted the Insureds' motion for a new trial. In these circumstances, Rule 75.01[2] applies. Rule 75.01 provides in part that "[n]ot later than thirty days after entry of judgment the court of its own initiative may order a new trial for any reason for which it might have granted a new trial on motion of a party, and every order granting a new trial shall specify the grounds therefor."

Under this provision of Rule 75.01, the trial court was not limited to the grounds set forth in the Insureds' motion for judgment notwithstanding the verdict or, alternatively, a new trial in granting the Insureds a new trial. As explained below, a fair

_____

[2] All rule references are to Missouri Court Rules (2014), unless otherwise specified.

3

reading of the trial court's judgment shows that one of the grounds on which the trial court granted the Insureds a new trial was that the jury's verdict was against the weight of the evidence. The trial court's judgment granting the Insureds a new trial should be affirmed even if the Insureds failed to articulate a claim that the jury's verdict was against the weight of the evidence in the Insureds' motion for judgment notwithstanding the verdict or, alternatively, a new trial.

Next, I must note the broad proposition set forth by the majority opinion, citing *J.A.R. v D.G.R.*. SC93649, 2014 WL 1302499, at *4 n.10 (Mo. banc April 1, 2014), that "courts" should not and would not be allowed to mix the two separate concepts, "submissibility" and "against the weight of the evidence" claims, misreads the holding of *J.A.R.* In *J.A.R.*, it was the appellant who claimed in a substitute brief filed in the Supreme Court that the trial court's findings were against the weight of the evidence. Citing to Rule 83.08(b), the Supreme Court held that the argument was not preserved for review by it in the Supreme Court because the appellant did not present such a claim in his brief filed in the court of appeals. The holding is not that a trial court risks reversal unless it distinguishes between making a submissible case and finding that the verdict was against the weight of the evidence in its written judgment when granting a new trial.

The issue in *J.A.R.* is not the issue before us. It is the Insureds who prevailed at the trial level and, thus, merely responded to the points raised by the appellant, Farm Bureau. Therefore, we rely on our traditional theories of review, that the judgment of the trial court is presumed correct, that we will reverse the judgment only if we are left with a firm belief that the order is wrong and conflicting evidence is viewed in the light most favorable to the trial court's judgment. Furthermore, we review a grant of a new trial to a

4

defendant on the ground the jury's verdict was against the weight of the evidence under the following rules:

> A trial court has discretion to grant one new trial on this ground and that ruling will be reversed only in the event of a manifest abuse of discretion. Rule 78.02; *Carpenter v. Chrysler Corp.*, 853 S.W.2d 346, 359 (Mo.App.1993). The trial court's broad discretion in this regard results from its inherent superiority, vis-à-vis the appellate courts, in weighing the evidence adduced at trial. *Carpenter*, 853 S.W.2d at 359. Where a defendant is granted a new trial on this ground, that discretion becomes virtually unfettered. Unlike a plaintiff, a defendant is not required to present evidence for the trier of fact to weigh. *Id*. Thus, when a new trial is granted to a defendant because the verdict was against the weight of the evidence, this court need not determine whether that defendant presented substantial evidence to support a verdict in its favor as we would were the new trial granted to the plaintiff. *Id*. As a result, the trial court may employ its authority under Rule 78.02 in favor of a defendant "with virtual certainty that the ruling is immune from appellate interference." *Carpenter*, 853 S.W.2d at 359.

*O'Neal v. Agee*, 8 S.W.3d 238, 241 (Mo. App. E.D. 1999).

We look to whether the trial court granted the new trial as against the weight of the evidence and not whether the Insureds persuasively argued against Farm Bureau's second point regarding the verdict director. Although the trial court's judgment conditionally granting the Insureds a new trial does not use the specific phrase "the [jury's] verdict [was] against the weight of the evidence," I believe a fair reading of the Insureds' motion for new trial[3] and the judgment reveals that was one ground on which the Insureds sought, and the trial court granted, a new trial.

First, the motion and judgment were framed in the alternative, and different remedies were requested for the same complaints. The Insureds' motion for new trial

---

[3] At trial and in their post-trial motion, the Insureds presented to the trial court significant and extensive evidence contradicting the conclusion both that the fire was arson and that either of the Insureds had set the fire.

5

claimed there was "no evidence" for both Insureds,[4] and the trial court's judgment stated:

> The Court after carefully considering the argument of counsel, suggestions submitted by counsel, the evidence submitted at trial, and the applicable case law finds that according to Missouri law there are four elements that a fire was set or caused by an insured which are as follows: (1) the incendiary nature of the fire; (2) motive on the part of the insured to set the fire; (3) opportunity for the insured, or someone acting on the insured's behalf, to set the fire; and (4) inculpating circumstances which are relatively strong. In the regard to these four elements, the Court has carefully reviewed and considered the case law cited by the Plaintiff and Defendants. The Court finds the cases cited by the Defendants to be determinative regarding Defendants' Motion in that the evidence presented by Plaintiffs [sic] in the case at bar did not meet the burden of proof required of preponderance of evidence particularly regarding motive, opportunity and strong inculpating circumstances.

The judgment further stated:

> [T]he [Insureds'] Motion For New Trial is sustained for the reason that the Court erred giving Instruction No. 6 as that instruction incorrectly instructed the jury in the vernacular of "either or" when the Court should have instructed the jury separately as to each [Insured] *as not only was there not a preponderance of evidence as to [Mr.] Shipman, there was very little, if any evidence involving [Mrs.] Shipman.*

(Emphasis added).

The Insureds' motion was entitled, "Motion for Judgment Notwithstanding the Verdict, or, in the Alternative for New Trial." The Insureds set forth the evidence favorable to a verdict in their favor. They specifically asked for relief in paragraph 1 based on the evidence, or lack thereof:

> Judgment should be entered in favor of Defendants pursuant to Defendants' Motion for Directed Verdict at the Close of All the Evidence on Plaintiff's claim of intentional burning by the Defendants, or either of them, for the reason that Plaintiff has wholly failed to sustain its burden of establishing that Defendants participated in, planned or procured the burning of the two turkey barns mentioned in the pleadings in that there was no evidence of any such planning, participation, involvement or procurement and that Plaintiff's [sic] failed to establish any motive by Defendants' [sic] to destroy by fire the insured property. Defendants

---

[4] The suggestions in support of the motion cited ample evidence contrary to the judgment.

6

incorporate herein by this reference their Motion for Directed Verdict at the Close of All the Evidence a copy of which is attached hereto.

Paragraph 2 cited an alternative ground directed to the policy and Paragraph 3 regarding the verdict director. The Shipmans' Motion for a Directed Verdict at the Close of All the Evidence stated:

> That the Court should direct a verdict in favor of Defendants on Plaintiff's claim of intentional burning by the Defendants, or either of them, for the reason that Plaintiff has wholly failed to sustain its burden of establishing that Defendants participated in, planned or procured the burning of the two turkey barns mentioned in the pleadings in that there was no evidence of any such planning, participation, involvement or procurement and that Plaintiff's [sic] failed to establish any motive by Defendants' [sic] to destroy by fire the insured property.

In their suggestions, the Shipmans cite evidence supporting their lack of motive to burn the barns, specifically, that there was no evidence of any:

> There was no evidence of any distressed financial condition of the Defendants. Defendants' [sic] testified that they were not being sued, were not behind on their bills, were not being foreclosed upon, had no unpaid taxes, had approximately $70,000.00 in cash in their stock account, had substantial assets consisting of approximately 500 acres of ground, equipment, a home, vehicles, and approximately 120 head of cattle, and a cattle business from which they derived income in addition to the $5,000.00 per month they were still receiving from the turkey business. Indeed, their banker testified that the Defendants were a good credit risk, that he would approve a loan to them of up to $40,000.00 for barn renovations if necessary, and had modified the terms of Defendants' note to an interest only payment. These were the uncontested facts relating to the Defendants' financial condition immediately before the fire.
>
> Apart from the questions of motive, there was no evidence of Defendants, or either of them, setting the fire, or hiring another person to set the fire for them. Defendants both gave ***uncontradicted testimony*** that they were in bed when the fire supposedly started. There was also no evidence of any statement by either Defendant relating to destroying or damaging the property, or any evidence of a play by Defendants to set the fire. The property was not and had not been for sale. Defendants had no previous fire claims. Defendants had been insured by Plaintiff for many years. There was no evidence that the barns were over-insured. The turkey barns were unlocked immediately before the fire. Defendant James Shipman testified that he had been in the turkey business since

7

approximately 1980, and continued the turkey business just as before for the remaining two barns.

. . . .

Further, Patricia Shipman testified that she was not involved in the operation of the farm and had not been to the turkey barns in many months. She further testified as to her past employments, including work as a financial adviser and legal secretary, and that if money was needed she was employable.

. . . .

In this case, the most that can be gleaned from the evidence as it relates to motive is that the Defendants' turkey business had suffered a temporary set back which had not caused them any serious financial distress. There was no "wolf at the door". There were no unpaid taxes, bad checks, suits, threats of suits, past due bills, or foreclosure proceedings. Defendants had income to pay their debts as they came due. Defendants had substantial assets including $70,000.00 in cash. Defendants had a good relationship with their bank which would extend them credit if needed and modified their notes to interest only payments. The classic indicia of financial distress noted in the cases above simply were not present. There was no evidence of motive to set the fire.

Nor is there a shred of "inculpating circumstances" pointing to the insured's involvement in the fire. The court will recall Plaintiff's opening statement that there would be no direct evidence of the Defendants' [sic] setting the fire, hiring someone to set the fire, or that they were not where they said they were at the time of the fire.

This language was sufficient to constitute a claim and ruling that the jury's verdict was against the weight of the evidence. *See **Resnik v. Blue Cross and Blue Shield of Missouri**,* 912 S.W.2d 567, 571 (Mo. App. E.D. 1995) (appellate court interpreted the language '"[plaintiff's] damages theory was based on conjecture and speculation, as it lacked complete evidentiary support"' in a motion for new trial as a claim the jury's verdict was against the weight of the evidence); and ***Woods v. Friendly Ford, Inc.***, 248 S.W.3d at 705 (appellate court agreed the language "the verdict is contrary to the undisputed facts from the trial, in that [a] defendant . . . admitted striking [a plaintiff],

'and the undisputed [conduct] would be presumed an offensive touching, and no reasonable juror could conclude that [the plaintiff] was not a victim of a battery[]'" in a brief could be characterized as a claim the verdict was against the weight of the evidence).

The trial court, who heard the evidence and weighed the evidence from the trial, granted the Insureds a new trial, holding, "not only was there not a preponderance of evidence as to [Mr. Shipman], there was very little, if any[,] evidence involving [Mrs. Shipman]." The burden was on Farm Bureau at trial and the trial court found they did not meet that burden. If the trial court found that Farm Bureau had not even made a submissible case, it surely found that it had not met its burden on a weight of the evidence argument. It is clear to me that the trial judge granted, in the alternative, a new trial because the jury's verdict was against the weight of the evidence.

For the reasons set forth above, I would not reverse the trial court in the grant of a new trial.


Nancy Steffen Rahmeyer, P.J. – Concurring in Part and Dissenting in Part Opinion Author