Jerry "Vic" BADOVINATZ and Deanna Badovinatz, Plaintiffs–Appellants,

v.

Lonnie BROWN and Rise Brown, Defendants–Respondents.

No. 26741.

Missouri Court of Appeals,
Southern District,
Division Two.

Jan. 26, 2006.

Application for Transfer Denied
Feb. 16, 2006.

Eric G. Jensen, O'Reilly & Jensen, LLC, Springfield, for appellants.

Joseph P. Winget, Matthew J. Growcock, Turner, Reid, Duncan, Loomer & Patton, P.C., Springfield, for respondents.

KENNETH W. SHRUM, Presiding Judge.

This is a premises liability case brought against property owners Lonnie and Rise Brown ("Defendants"). Jerry and Deanna Badovinatz ("Plaintiffs") sued Defendants when Jerry was injured while on Defendants' property.[1] In pertinent part, Plain-

1. When referring to Plaintiffs or Defendants individually, we use their first names. We

tiffs alleged Defendants were negligent by allowing a dangerous condition to remain on their property without warning Jerry of such danger.[2] The trial court granted Defendant's motion for summary judgment. Plaintiffs appeal. We affirm.

■ The elements of a premises liability suit for an injured invitee are: (1) the existence of a dangerous condition on the possessors' real estate that involved an unreasonable risk; (2) the possessors knew or by using ordinary care should have known of the condition; (3) the possessors failed to use ordinary care to remove or warn of the danger; and (4) as a result the plaintiff was injured. *Rycraw v. White Castle Sys., Inc.*, 28 S.W.3d 495, 499 (Mo.App.2000); *Morrison v. St. Luke's Health Corp.*, 929 S.W.2d 898, 903[7] (Mo. App.1996).

In order for their summary judgment to be properly granted, Defendants had to show: (1) undisputed facts negating any of Plaintiffs' required elements, or (2) Plaintiffs could not, after adequate time for discovery, produce evidence sufficient to find one of their required elements, or (3) there was no genuine dispute as to each fact necessary to support an affirmative defense properly pled by Defendants. *Chouteau Auto Mart, Inc. v. First Bank of Mo.*, 55 S.W.3d 358, 360[1] (Mo.banc 2001). Since Plaintiffs were the non-moving party, we view the evidence and all reasonable inferences in the light most favorable to them. *United Missouri Bank, N.A. v. City of Grandview*, 105 S.W.3d 890, 898[18] (Mo.App.2003).

■ Our review here is essentially *de novo* because the propriety of the court's action is purely an issue of law founded solely upon the record submitted and the applicable law. *ITT Commercial Finance v. Mid–Am. Marine*, 854 S.W.2d 371, 376 (Mo.banc 1993). The key to summary judgment cases is whether the party has an undisputed right to a judgment as a matter of law. *Id.* at 380[12].

On November 4, 2002, Lonnie invited Jerry to his house. The purpose was to get Jerry's advice on how to proceed with reconstructing his chimney. After eating lunch, the two decided to start the inspection.. Lonnie went into the house to get a level while Jerry began to climb the scaffolding leading to the roof. There were planks at the top of the scaffolding that served as scaffold flooring. Earlier, Lonnie had put approximately ten concrete blocks on the scaffold floor. However, no evidence was presented about how the blocks were arranged or where they were placed with relation to each other.

In a deposition, Jerry testified that he remembered very little after he reached the top of the scaffolding. He claimed that, prior to the fall, he did not know where on the planks he was standing, he did not know how long he was on the top of the scaffolding, he did not recall ever coming into contact with one of the concrete blocks, and he never looked anywhere but at the chimney. The only detail he remembered was that he heard one of the concrete blocks "scoot." Immediately thereafter, he fell from the scaffolding and sustained injuries.

No other person witnessed the accident. Lonnie testified that, while he was inside the house, he heard the concrete blocks "tumbling." He then heard Jerry moan, ran out of the house, and saw Jerry lying on the ground.

intend no disrespect. Deanna joined the suit seeking damages for loss of consortium caused by Jerry's injuries.

**2.** It appears that the parties agree that Jerry was an invitee.

Plaintiffs' petition alleged, *inter alia*, the following: (1) Jerry "was tripped" by the concrete blocks on the scaffolding; (2) Defendants knew of the dangerous condition created by the blocks; (3) they failed to use reasonable care to remove the condition; (4) they failed to use reasonable care to warn Jerry of the danger; and (5) these conditions and failures were the direct and proximate causes of Jerry's injuries. Defendants denied these allegations.

After discovery, Defendants filed a motion for summary judgment. They alleged summary judgment was warranted because Plaintiff "cannot produce any witness to the alleged incident who could testify *that a dangerous condition existed* on Defendants' premises." (Emphasis supplied.) Plaintiffs' responsive pleading denied this allegation and supported the denial by citing Lonnie's testimony "that the scaffolding was erected by him ..., that more than ten (10) 8″ × 16″ cinder blocks were stacked atop the scaffolding, and that the only railings on the scaffolding were x-shaped crossbars ... and that there were no warnings or signs on the scaffolding." [3]

In granting the summary judgment, the court used general language only, that is, it did not include in the judgment a statement of the grounds and findings on which its decision was based. However, in a docket entry, the court explained that it "is at a loss to describe the dangerous condition that would have required [Lonnie] to give [Jerry] a warning.... Plaintiff cannot prove the existence of a dangerous condition." [4] This appeal by Plaintiffs followed.

Plaintiffs' only point maintains the court erred when it entered summary judgment for Defendants because the evidence and inferences therefrom, when viewed most favorably to Plaintiffs, demonstrated they can prove a submissible case of premises liability. Plaintiffs claim that they have "proven" Defendants knew loose concrete blocks were placed at the top of the scaffolding, and "Defendants failed to remove said dangerous condition or warn of said condition when Defendants knew [Jerry] was going on top of the scaffold to work, thus failing to exercise ordinary care."

Plaintiffs rely heavily on *Morrison*, 929 S.W.2d 898, to support their claim of trial court error. There, an elderly woman tripped over a briefcase left in the hallway of a medical facility by a sales representative for a drug company. On appeal from a judgment favorable to the plaintiff, the drug company defendant urged reversal because "there was no direct evidence that she tripped over the briefcase." *Id.* at 901. In affirming, the *Morrison* court started its analysis with a recap of evidence from which it could be inferred that the *placement* of the briefcase had created a dangerous condition, namely, evidence showing the location and size of other relevant items in relation to the briefcase and how they blocked plaintiff's view of the briefcase as she walked along.

"The second hallway leading to the examining rooms was at a right angle to the first hallway leading from the waiting room. Both hallways ran next to the nurses' station, which was enclosed by a chest-high counter. Plaintiff had to

---

3. Wholly absent from Plaintiffs' response to Defendants' summary judgment motion is any claim or citation to evidence that would establish how or where the concrete blocks were stacked other than "atop the scaffolding" and "out on the planks away from the fireplace about a foot and a half."

4. For the reasons given in *Hammarstrom v. Samsel*, 114 S.W.3d 889, 892 (Mo.App.2003), we conclude that the trial court here intended its docket entry to be a statement of grounds and findings on which it granted Defendants' motion for summary judgment.

walk about the nurses' station to get into the second hallway. The [defendant drug company's] sales representative placed the briefcase next to the counter on the floor of the second hallway. When plaintiff entered the first hallway from the waiting room, the layout of the hallways and the height of the counter suggest that she would not have been able to see the briefcase from that vantage point. When she entered the second hallway, she would have come upon the briefcase shortly after rounding the corner of the nurses' station. She would have had little time to notice the presence of the briefcase on the floor in front of her."

*Id.* at 901–02.

After detailing this evidence and explaining its relevance, the court turned to the question raised by the defendant's point relied on; whether there was sufficient evidence adduced to make a prima facie showing that it was the briefcase that *caused* plaintiff to fall. The *Morrison* court answered that question in the affirmative. It did so despite the fact that the plaintiff could not testify that she, in fact, tripped over the briefcase. The court found there was sufficient circumstantial evidence to support a finding that the briefcase caused her fall. *Id.* As an example of such evidence, the court cited testimony by the owner of the briefcase who said she saw the plaintiff falling in the area of the briefcase and that the plaintiff was "in flight," i.e., she did not just collapse to the ground, but rather that something propelled her through the air and to the floor. *Id.* at 902. Also, the court noted that the briefcase owner had stated she should not

have left it on the floor, which could be seen as a tacit admission of liability. *Id.*

Plaintiffs argue that the concrete blocks situation here was so "substantially similar" to the briefcase circumstances in *Morrison* that the *Morrison* outcome should govern. Specifically, Plaintiffs say that although Jerry could not testify to the mechanism of the fall or say with certainty that the blocks caused his fall, there "is ample circumstantial evidence that [Jerry's] fall was directly intertwined with a concrete block scooting." They characterize the trial court's ruling on the summary judgment motion as follows: "In essence, the Circuit Court is holding that because Plaintiff does not recall and did not see the actual blocks that he fell from or tripped over, that he cannot make a submissible case."

The problem with Plaintiffs' argument is that it ignores the trial court's stated reason for entering summary judgment (Plaintiffs' inability to prove a "dangerous condition" existed) and focuses exclusively on causation (whether sufficient circumstantial evidence existed to infer the blocks caused Jerry's fall). Thus, Plaintiffs neither cite case law, nor point to evidence, nor make an argument to support their allegation that the concrete blocks constituted a dangerous condition. Similarly, they make no effort to refute the trial court's finding that they could not prove the existence of a dangerous condition.[5]

The *Morrison* case makes it clear that an injured invitee "must show that the instrumentality which caused the injury was either inherently dangerous and/or defective or that it was placed in such a way that it created a dangerous condition." 929 S.W.2d at 903. Stated another way,

---

5. For instance, in the argument portion of their brief, Plaintiffs make this conclusory remark: "Of course, the circumstantial evidence clearly shows that the dangerous condition was loose concrete blocks on top of a scaffold, that one would not know about until the person was either standing on the loose concrete blocks or tripping over the stacked concrete blocks."

"Without some testimony or other evidence from which it can be inferred there was a dangerous condition on the floor, there is no foundation for premises liability." *Rycraw*, 28 S.W.3d at 499.

How these principles apply in a given fact situation is illustrated by the *Morrison* analysis. There, the briefcase obviously was not inherently dangerous. What made it dangerous was where it was placed, i.e., around the corner of a nursing station where plaintiff "would have had little time to notice the presence of the briefcase on the floor in front of her." 929 S.W.2d at 902.

■ Facts analogous to those in *Morrison* are not found in this record. A "dangerous condition" finding could only be made here if evidence existed from which it could be inferred that the blocks were so placed that a person on the scaffold might not notice them and, consequently, might trip over them. *See also Rycraw*, 28 S.W.3d at 499. No such evidence exists. Specifically, there was no testimony, or diagrams, or pictures, or other depiction of how the blocks were stacked or where they were placed on the scaffolding, other than on the top. There was no evidence that anything else was on the scaffold to shield Jerry's view of the blocks as his head and eyes reached the floor level of the scaffolding, nor was there evidence to suggest he would not have been able to see the blocks once his feet reached the scaffold floor, nor was there any evidence from which it can be inferred that Jerry would have had little time to notice the blocks. The absence of evidence from which it can be inferred *why* the concrete blocks constituted a *dangerous* condition is fatal to Plaintiffs' case. We find that the trial court did not err when it entered a summary judgment for Defendants based on Plaintiffs' inability to prove that a dangerous condition existed.

In so holding, we have not forgotten that Plaintiffs' point and argument concern themselves with other reasons for reversal, namely, summary judgment was not warranted because sufficient circumstantial evidence existed to permit the inference that the blocks caused the accident. What we discern from Plaintiffs' brief is that they *assume* that a dangerous condition existed. They then argue for reversal by saying the summary judgment resulted from a erroneous belief by the court that Plaintiffs could not prove causation. However, we need not and do not address that argument for the following reason.

For Defendants to prevail on their summary judgment motion they only had to show Plaintiffs could not produce sufficient evidence on one of the elements of their case. *Chouteau Auto Mart*, 55 S.W.3d at 360[1]. We explained above that summary judgment was appropriate since Plaintiffs could not prove the dangerous condition element of their case. That is fatal to Plaintiffs' appeal. Any analysis of Plaintiffs' causation argument would only be advisory. That is not the function of this court, particularly in a case such as this. *See Air Evac EMS, Inc. v. Goodman*, 883 S.W.2d 71, 74[3] (Mo.App.1994).

The judgment of the trial court is affirmed.

BARNEY, J., and BATES, C.J., Concur.