**Lillas HEACOX, Appellant,**

v.

**ROBBINS EDUCATIONAL TOURS, INC., Respondent.**

**No. 58966.**

Missouri Court of Appeals, Eastern District, Division Four.

March 24, 1992.

Rehearing Denied April 22, 1992.

Application to Transfer Denied June 2, 1992.

Gary E. Snodgrass, Steven J. Hughes, St. Louis, for appellant.

Edward S. Meyer, Priscilla F. Gunn, St. Louis, for respondent.

SATZ, Judge.

This is a personal injury action. Plaintiff, Lillas Heacox, sued defendant, Robbins Educational Tours, Inc., for injuries she sustained when she fell on an asphalt pathway on the St. Louis riverfront, returning from an excursion on the riverboat S.S. President. The trial court granted defendant's motion for directed verdict at the close of all the evidence. Plaintiff appeals. We affirm.

To review the grant of a directed verdict in favor of a defendant, we view the evidence and permissible inferences most favorably to the plaintiff, disregard contrary evidence and inferences and determine whether, on the evidence so viewed, the plaintiff made a submissible case. *Sis-*

*ters of St. Mary v. Blair,* 766 S.W.2d 773, 774 (Mo.App.1989).

Defendant company organizes and sells "motor coach tours." Plaintiff belongs to a foster grandparent organization which meets in Sikeston, Missouri at the Senior Citizens Nutrition Center. Ms. Bobbie White is the "Administrator" of the Center. She also had been "trained by" and "worked with" defendant company in arranging tours. Plaintiff, along with a number of other senior citizens, purchased a ticket for a tour which included transportation by bus to the S.S. President and a half-day excursion on that boat.

Ms. White collected the money for the tour tickets, transferred it to the president of the defendant company, Mr. William Robbins, and accompanied the group throughout the tour. She takes each tour free as compensation, and she characterizes herself as a "hostess" or "tour director". Mr. Robbins engaged a bus company for transportation to the boat and purchased tickets for the group's excursion on the boat. He knew there would be a number of "senior citizens" on the tour.

The S.S. President docks on the St. Louis riverfront. Sometime prior to this tour, Mr. Robbins went to the riverfront to determine whether any "problem" would be caused in boarding the boat. The riverfront where the boat docks slopes down from a roadway, and the slope is paved with cobblestones. However, part of the cobblestones are paved over with asphalt to provide an asphalt pathway from the road down to a gangplank which leads to the boat.

At the time of her fall, plaintiff was five feet two inches in height, weighed about 184 pounds and had a "bad leg, knee and ankle". She was not asked whether she needed assistance, and she requested none. She got off the bus and descended the asphalt pathway, walking slowly and without incident. When the boat returned from the excursion, she did not ask for assistance to ascend the pathway because she "had made it down ... and ... thought [she] could make it back up...." She walked "six or eight steps" up the pathway and then "fell face forward", putting her "hands out to try to catch [her] fall". She saw no debris or waste on the pathway. She said she did not know what caused her to fall "other than [the pathway] was really steep". Her left wrist was fractured, her nose was broken and the rotator cuffs in both shoulders were torn and required surgery.

Having suffered injuries, plaintiff understandably seeks a theory for relief. To her, this case is one of "first impression in ... Missouri on the issue of what duty a tour company owes to an elderly passenger throughout the course of a tour...." She derives defendant's duty to her from an alleged "special relationship" existing between her and defendant, or from defendant's assumption of a duty to inspect. As we understand plaintiff's argument, either duty would require defendant to have foreseen a "steep" incline would cause an unreasonable risk to plaintiff traversing it without an escort. Defendant's failure to provide an escort or to warn her, plaintiff contends, was a breach of that duty, and the breach caused her injuries.

We need not and do not address the existence of either duty. For our purposes here, we assume either or both existed. We do address, however, the issue of whether plaintiff made a prima facie showing that the incline of the pathway was a foreseeable risk and, if so, whether she made a prima facie showing that risk caused her to fall.

■ To state the obvious, a defendant's duty is measured by the scope of foreseeable unreasonable risks. *E.g. McKim v. Sears Rodeo Ass'n. Inc.,* 789 S.W.2d 217, 220 (Mo.App.1990). Plaintiff was required to show that defendant knew or should have known the incline of the pathway was an unreasonable risk to plaintiff, a senior citizen. To make a prima facie showing of the unreasonable risk of the pathway as an ultimate fact, plaintiff, in turn, was required to prove operative facts from which a reasonable juror could draw an inference of the existence of that ultimate fact. Plaintiff did not do so.

■ Plaintiff relies solely on her own testimony that the incline of the pathway was "steep". Logically, plaintiff argues, this testimony permits the favorable inference that the pathway was "dangerous". Plaintiff omits additional testimony which, arguably, also would be favorable to her. The bus driver testified:

> "[I]t wasn't really a steep slope, but it would be a steep slope for someone heavy or an elderly lady,.... It might be pretty steep for them."

However, neither plaintiff's testimony nor the bus driver's, alone or together, make a prima facie showing that the incline of the pathway was an unreasonable risk. There is no evidence in plaintiff's case showing the degree of the incline nor is there any other standard for the jury to use to evaluate sensibly the testimony of the plaintiff and the bus driver. We liberally view the legitimacy of inferences in plaintiff's favor. But, this liberal view does not include speculative free leaps to the desired inference. To be sure, plaintiff had two photographs of the pathway, but, neither one illustrates or shows the degree of the incline. Given plaintiff's evidence, a reasonably thoughtful defendant would not consider the incline a significant fact to consider in guiding practical conduct. *See Grube v. Associated Dry Goods, Inc.,* 663 S.W.2d 310, 312 (Mo.App.1983); *see also Melton v. Allied Supermarkets, Inc.,* 456 S.W.2d 644 (Mo.App.1970).

■ More important, perhaps, plaintiff did not make a prima facie showing that the degree of the incline caused her to fall, even if the incline were in fact an unreasonable risk to her. The traditional and most often used test for cause is the "but for test": a defendant's negligence is a cause of an injury where the injury would not have occurred *but for* defendant's negligent conduct. *E.g. Delisi v. St. Luke's Episcopal–Presbyterian Hospital, Inc.,* 701 S.W.2d 170, 175 (Mo.App.1985). Defendant's negligence need not be the sole cause but simply *a* cause or a contributing cause. To make a prima facie showing of cause, however, the plaintiff must show defendant's negligent conduct more probably than not was a cause of the injury. *Morgan v. Toomey,* 719 S.W.2d 129, 131 (Mo.App.1986). Obviously, the fact that plaintiff fell on the pathway does not show the incline of the pathway more probably than not caused her to fall. It is guesswork where the greater probabilities lie.

■ The bus driver's testimony that the incline "would be a steep slope for someone heavy or [for] an elderly lady" does not reasonably imply the incline would cause heavy or old people to fall. The more sensible or, certainly, equally sensible implication is that heavy or old people would find it tiring to walk up the incline. But, a prima facie showing of cause is not made where the operative facts, at best, support two equal inferences, only one of which would make the defendant liable. *E.g. Cato v. Modglin,* 545 S.W.2d 307, 311 (Mo. App.1976).

Moreover, on direct examination, plaintiff candidly admitted she does not know what caused her to fall "other than ... [the pathway] was ... really steep." This is not a statement of an operative fact showing cause. Here again, we liberally view the legitimacy of inferences in plaintiff's favor. But, at best, her statement is only a guess as to the cause of her fall. How and why plaintiff fell, on this record, is nothing more than speculation and conjecture, and speculation and conjecture do not constitute a prima facie showing of cause. *See e.g. Craddock v. Greenberg Mercantile,* 297 S.W.2d 541, 547–548 (Mo.1957).

Judgment affirmed.

CARL R. GAERTNER, C.J., and SMITH, P.J., concur.