**Angela RYCRAW, Plaintiff/Appellant,**

v.

**WHITE CASTLE SYSTEMS, INC., Defendant/Respondent.**

**No. ED 77530.**

Missouri Court of Appeals, Eastern District, Division Five.

Oct. 10, 2000.

Brown may not act on behalf of Gloria Brown in this court.

Derald L. Gab, St. Louis, for appellant.

Kortenhof & Ely, P.C., Kenneth M. Lander, Sara J. McAvoy, St. Louis, for respondent.

ROBERT E. CRIST, Senior Judge.

This appeal concerns the propriety of the trial court's grant of summary judgment in favor of White Castle Systems, Inc. (Defendant) in a personal injury case arising from a slip and fall that occurred in Defendant's restaurant. Angela Rycraw (Plaintiff) appeals, contending summary judgment is improper because she established a fact issue as to whether she fell from a dangerous condition on the floor. Because we find a genuine issue of material fact remains in the case, summary judgment is improper and we reverse and remand.

Plaintiff filed a one-count petition against Defendant, alleging she suffered personal injuries resulting from a slip and fall while she was a customer in Defendant's restaurant. Plaintiff alleged that when she moved back from the cashier's counter area, "she stepped on a pool or puddle of liquid on the floor near the cashier's counter area, then stumbled over a 'cone' that had been placed behind her as she stood in line to pay for her purchased food." Plaintiff further alleged that Defendant was negligent in maintaining the floor and for placing the cone directly behind her without any notice.

After discovery had ensued, Defendant filed a motion for summary judgment. In the motion, Defendant asserted Plaintiff could not prove an essential element of her claim, that any negligence of Defendant caused her injury. Defendant noted that Plaintiff alleged she slipped on a puddle or pool of liquid on the floor, but in her deposition she testified she saw no substance on the floor and did not know what caused her fall. As a consequence, Defendant averred Plaintiff could not prove her cause of action and her petition failed as a matter of law. Defendant attached a copy of Plaintiff's deposition to its motion. Defendant asked the trial court to enter summary judgment in its favor.

Plaintiff filed a response to the motion, contending Plaintiff's deposition testimony did establish a causal connection between a condition on the floor and her injuries. Plaintiff pointed to her deposition testimony where she stated:

she knew that there was something on the floor "Because I slipped". (See Plaintiff's deposition, page 38, line 2.) She testified that she had explained the causation to the Defendant's representatives: "I proceeded to tell her [the manager] it was something on the floor, had to be because I slipped ..." (See Plaintiff's deposition, page 40, lines 3–5).

Plaintiff further stated she had identified an obstacle on the floor, the warning cone. Plaintiff alleged the presence of the warning cone alone implied the existence of a hazardous condition on the floor. Plaintiff further asserted that her deposition testimony showed that "when she began to slip, she was unable to catch or right herself because the cone was in her walking path. (See Plaintiff's deposition pages 16, lines 12–15, page 20, lines 3–4)."

After argument on the motion, the trial court granted Defendant's motion and entered summary judgment in its favor. The trial court found that Plaintiff was unable to show causation, that her injuries were caused by a dangerous condition in Defendant's restaurant. The court stated that the "mere occurrence of a slip and fall, or any other accident, does not establish negligence, and does not obviate the need to show causation by a dangerous condition." The court also found the testimony did not establish that the warning cone itself was a dangerous condition, but that only the cone was in the way of Plaintiff's fall.

■ In her appeal, Plaintiff contends the court erred in granting summary judgment on the basis there was no evidence of a dangerous condition on the floor that caused her to fall. Plaintiff points to two instances that she claims show a danger-

ous condition: (1) her testimony that she was unable to catch herself during the fall because her foot came into contact with a cone on the floor, which constitutes evidence that she fell as a result of the cone, a dangerous condition on the floor; and (2) there is evidence from which it may be inferred that Plaintiff fell due to spilled food or drink.

Rule 74.04 provides a trial court may enter summary judgment where a moving party has demonstrated that there is no genuine issue of material fact and is entitled to judgment as a matter of law. Rule 74.04(c)(3); *ITT Commercial Finance Corp. v. Mid–America Marine Supply Corp.*, 854 S.W.2d 371, 376 (Mo. banc 1993). A moving party may establish a right to summary judgment by showing facts that negate one of the plaintiff's elements. *Id.* at 381. When considering appeals from summary judgments, we review the record in the light most favorable to the party against whom judgment was entered. *Id.* at 376. We must accord the non-movant the benefit of all reasonable inferences from the record. *Id.* As the trial court's judgment is founded on the record submitted and the law, an appellate court need not defer to the trial court's order granting summary judgment. *Id.* Accordingly, our review is essentially *de novo*. *Id.*

In oral argument, Defendant raised for the first time that Plaintiff's response to its motion was inadequate under Rule 74.04(c)(2) because Plaintiff failed to admit or deny each of its factual statements in numbered paragraphs corresponding to its paragraphs. As a result, Defendant contends Plaintiff is deemed to have admitted all of the assertions contained in its motion for summary judgment. Plaintiff's response does appear inadequate, because she failed to admit or deny each of Defendant's paragraphs. Where a response fails to admit or deny each factual statement in the motion, we take the factual assertions contained in the motion as true. *Peck v. Alliance General Ins. Co.*, 998 S.W.2d 71, 75 (Mo.App. E.D.1999). However, even if Plaintiff is deemed to have admitted all factual assertions in Defendant's motion, her response still raises a genuine issue of material fact.

Defendant's motion consists only of ten paragraphs. The first five paragraphs of the motion only refer to Plaintiff's allegations contained in her petition. It is undisputed that Plaintiff did make those allegations in her petition, so it was unnecessary for Plaintiff to admit or deny them. In paragraphs six, nine, and ten, Defendant made the following assertions:

6. In a negligence action, there is a necessity for the plaintiff to show a causal relation between the act complained of and plaintiff's injury. (*Stroot v. Taco Bell Corp.*, 972 S.W.2d 447 (Mo.App. E.D.1998)).

\* \* \*

9. Because plaintiff cannot testify that there was a pool or puddle of liquid on the floor in the White Castle as a matter of fact, plaintiff cannot prove that White Castle breached their duty by the pool/puddle's presence. (*Wilburn v. Southwestern Bell Telephone Co.*, 382 S.W.2d 49, 53 (Mo.App.1964)).

10. As plaintiff cannot prove that White Castle breached their duty, plaintiff cannot prove her cause of action couched in negligence and, therefore, her petition must fail as a matter of law.

Defendant's assertions are only legal conclusions, not assertions of fact. Legal conclusions are not binding on plaintiffs or the court. *Universal Underwriters Ins. Co. v. Dean Johnson Ford, Inc.*, 905 S.W.2d 529, 533 (Mo.App. W.D.1995). Finally, in paragraphs seven and eight, Defendant simply refers to portions of Plaintiff's deposition testimony. Again, there is no dispute that Plaintiff did make those statements in her deposition, so there was no need to admit or deny the statements.

Moreover, Plaintiff did partially comply with the rule by setting forth additional material facts remaining in dispute. In her response, Plaintiff pointed out that she had also alleged she had stumbled over a cone that Defendant had placed behind her while she waited in line and referenced additional portions of her deposition transcript referring to the cone's involvement. Therefore, even if Plaintiff admitted all of Defendant's assertions in its motion, she did raise the issue of the cone in her response. As will be explained below, the issue of the cone raises a genuine issue of material fact.

 The general duty owed to an invitee by the owner of the premises is the exercise of reasonable and ordinary care in making the premises safe. *Schultz v. Webster Groves Presbyterian Church*, 726 S.W.2d 491, 495 (Mo.App. E.D.1987). To recover in her slip and fall case, Plaintiff must show: (1) a dangerous condition existed on Defendant's premises which involved an unreasonable risk; (2) that Defendant knew or by using ordinary care should have known of the condition; (3) that Defendant failed to use ordinary care in removing or warning of the danger; and (4) as a result, Plaintiff was injured. *Morrison v. St. Luke's Health Corp.*, 929 S.W.2d 898, 903 (Mo.App. E.D.1996). Plaintiff must show that the instrumentality that caused her injury was either inherently dangerous and/or defective or that it was placed in such a way that it created a dangerous condition. *Id.*

 Without some testimony or other evidence from which it can be inferred there was a dangerous condition on the floor, there is no foundation for premises liability. *Wilburn v. Southwestern Bell Telephone Co.*, 382 S.W.2d 49, 53 (Mo. App.1964). However, in many cases, a plaintiff will not know exactly what happened or what caused the fall and there may be no eyewitnesses. In those cases, a plaintiff may rely on circumstantial evidence. *See, Georgescu v. K Mart Corp.*, 813 S.W.2d 298, 300 (Mo. banc 1991).

In moving for summary judgment, Defendant attempted to negate one of the elements of Plaintiff's case, arguing Plaintiff could not prove a dangerous condition existed on the premises. We agree that Plaintiff's testimony does not directly establish that something was spilled on the floor that caused her to fall. She simply testified that there had to be something on the floor because she slipped. However, Plaintiff has alleged two acts of negligence by Defendant. She not only alleged negligence in maintaining the floor, but she also alleged negligence in placing the cone directly behind her without notice.

As noted above, Plaintiff raised the issue of the cone in her response to the motion for summary judgment. She contends that her testimony provides circumstantial evidence from which it can be inferred that the warning cone itself was a dangerous condition and that she fell as a result of it. We agree. In her deposition, Plaintiff testified that she walked into the restaurant to place a food order at the counter. At that time, no warning cone was in place and she walked immediately up to the counter. When she placed her order, she was a penny short and had to return to her car for the penny. She stated that when she turned to leave the counter, "the next thing I know I was slipping and there was a cone right, I'm not gonna assume, but when I turned around, I was slipping, the cone was right there and I couldn't catch my fall." She again stated later in the deposition that she was "trying to walk back out to the car, I just started slipping. I couldn't catch my fall because this foot was caught with the cone." She further indicated the cashier told her, "I saw you getting ready to fall and I thought you was gonna catch yourself."

A warning cone may become a dangerous condition. In *Luthy v. Denny's Inc.*, 782 S.W.2d 661, 663 (Mo.App. W.D.1989), the Western District found a warning cone, based on the facts of the case, was actually a dangerous condition. The evi-

dence in that case showed that the warning cone had been left in the hallway long after the floor had dried, it had been placed in a heavily congested area in the restroom hallway near the cash register, and the plaintiff did not see the cone and tripped over it. *Id.* Under those circumstances, the warning cone had actually become a dangerous condition. *Id.*

Viewed in the light most favorable to Plaintiff and according her the benefit of all reasonable inferences, we believe her testimony creates an inference that the cone was involved in the fall and may have become a dangerous condition. She stated that her foot got caught in the cone and if it had not done so, then she would have been able to catch herself. The cone need not be the sole cause of the injury, but simply a cause or a contributing cause. *Derrick v.. Norton,* 983 S.W.2d 529, 532 (Mo.App. E.D.1998). Plaintiff's testimony creates a genuine issue of material fact and is enough to survive this motion for summary judgment.

The judgment is reversed and remanded.

MARY K. HOFF, Chief Judge, and KATHIANNE KNAUP CRANE, Judge, concur.