Carmencita TIGER, Appellant,

v.

QUALITY TRANSPORTATION, INC., Red Door Storage, LLC, Baumer's, Inc., and David P. Baum, Defendants,

and

Baumer's, Inc., Respondent.

No. SD 31693.

Missouri Court of Appeals, Southern District, Division Two.

Sept. 17, 2012.

**926**

Thomas Gerald Morrissey, II, Springfield, MO, for Appellant.

William J. Lasley, Carthage, MO, for Respondent.

DANIEL E. SCOTT, P.J.

█ Carmencita Tiger ("Plaintiff"), who alleges injury from a stumble after leaving a convenience store, challenges a summary judgment granted to Baumer's, Inc. ("Store"). Summary judgment was not appropriate. We reverse and remand for further proceedings.

### Background [1]

Plaintiff twisted her ankle as she left Store after buying beer and a newspaper. The purchases in her arms blocked Plaintiff's view downward. It felt like her right foot went into a hole and turned sideways as she stepped off the curb outside Store's main entrance. Without falling or dropping anything, she kept walking to her husband's jeep, then left.

The parking lot was cracked or uneven in the area where Plaintiff stepped. Store leased the premises from defendant Red Door. Under the lease, Red Door was obligated to maintain certain capital items, including parking lots.

Red Door paid to fix the area in question following Plaintiff's stumble. Still, Store was the business lessee and occupant of that area. Store's employees inspected the driveway, including the area in question, for unsafe conditions and were allowed to fix such conditions. Store's manager had patched and repaired parking lot potholes at Store's expense.

Plaintiff sued Store and Red Door, alleging that each negligently failed to remove, barricade, or warn of the uneven surface or provide reasonably safe means to ambulate the premises.[2] After depositions, Store sought summary judgment on two grounds:

1. "Plaintiff did not see any [allegedly unsafe] condition either before or after she stumbled and is unable to specify what, if any, condition caused her to stumble."

2. As a matter of law, Store did not control the stumble site because the lease obligated Red Door to maintain it.

The trial court granted Store's motion on both grounds and certified the judgment for immediate appeal. *See* Missouri Court Rule 74.01(b).

### Legal Principles

█ Our review essentially is *de novo* with no deference to the trial court. *ITT*, 854 S.W.2d at 376. Store's burden was to

---

1. We view the record and reasonable inferences favorably to Plaintiff, the party against whom judgment was entered. *ITT Commercial Fin. Corp. v. Mid–Am. Marine Supply Corp.*, 854 S.W.2d 371, 376 (Mo. banc 1993).

2. Other claims, some involving other defendants, are not at issue in this appeal.

show that Plaintiff, after adequate time for discovery, would be unable to produce sufficient evidence on some element of her claim. *Id.* at 381. Plaintiff received the benefit of all reasonable inferences; thus, summary judgment would not lie if any reasonable inference from the evidence defeated Store's legal right to judgment. *See id.* at 382.

### Point I—Evidence of Dangerous Condition and Causation

■ The elements of Plaintiff's premises liability claim against Store were: (1) a dangerous premises condition that posed an unreasonable risk of harm; (2) Store's scienter; (3) Store's failure to use ordinary care to remove or warn of the danger; and (4) Plaintiffs injury as a result. *See Montgomery v. Wilson,* 331 S.W.3d 332, 336 (Mo.App.2011). The trial court found that Plaintiff would be unable to prove the first or fourth elements. This was error, as *Montgomery* shows.

Mr. Montgomery, who fell on a driveway, testified that he slipped (as opposed to tripping or stumbling over an object) and that he remembered where he slipped. A co-worker described a slick spot there two days before the accident and also a few days after the accident. Reasonable inferences from such evidence were that (1) the slick spot was there on the day of the accident, and (2) it caused or contributed to Mr. Montgomery's fall. *Id.* at 337. To similar effect, see *Brown v. Morgan County,* 212 S.W.3d 200, 204–05 (Mo.App. 2007), and cases cited therein.

Store urges that Plaintiff cannot "specify what, if any, condition caused her to stumble." *Brown,* which also reversed a summary judgment, was no different. *See id.* at 203 ("Brown admitted that she does not know how she fell."). Indeed, "[i]n many cases 'a plaintiff may rely on circumstantial evidence' because he or she 'will not know exactly what happened or what caused the fall.'" *Id.* at 204 (quoting *Rycraw v. White Castle Sys., Inc.,* 28 S.W.3d 495, 499 (Mo.App.2000) (also reversing a summary judgment)).

■ Plaintiff testified that her foot felt like it went partly in a hole. Photos taken one day later show a cracked or uneven surface in that area. It is inferable that Plaintiff felt what the photos show, which contributed to her stumble. These are reasonable inferences from facts of record, not mere speculation or conjecture. *Montgomery,* 331 S.W.3d at 336. A factfinder may not give Plaintiff the benefit of such inferences at trial, but courts must do so on summary judgment. *See ITT,* 854 S.W.2d at 376.[3]

Although Point I is well taken, summary judgment was granted on two grounds, so we also must consider Point II.

### Point II—Control of Premises

■ Plaintiff also challenges the trial court's finding, as a matter of law based on the lease, that Store did not "retain control over and did not have responsibility to maintain the driveway where Plaintiff claims she stumbled." Plaintiff denies

---

3. Store quotes *Heacox v. Robbins Educ. Tours, Inc.,* 829 S.W.2d 600, 603 (Mo.App.1992), for essentially the opposite proposition, *i.e.* that "a prima facie showing of cause is not made where the operative facts, at best, support two equal inferences, only one of which would make the defendant liable." We doubt this reflects current law. *See State v. Chaney,* 967 S.W.2d 47, 54 (Mo. banc 1998) (discarding equally valid inferences rule as contrary to appellate court duty, in that case, to view all reasonable inferences in favor of one party). At any rate, *Heacox* is inconsistent with a court's duty on summary judgment to "accord the non-movant the benefit of all reasonable inferences from the record." *ITT,* 854 S.W.2d at 376.

that the lease conclusively disproves Store's "control" of that area, which she claims is still genuinely at issue. We agree.

The trial court correctly viewed control as the guiding principle in determining who owed Plaintiff a duty of care, but confused a contractual agreement to *maintain* an area with *control* thereof. Red Door "very well may have retained complete control over the maintenance of the exterior of [Store] and still not 'owned' or 'operated' [Store's] business or 'control[led] the day-to-day activities necessary to carrying on the business operations of [Store].'" *Hagen v. McDonald's Corp.*, 231 S.W.3d 858, 861 (Mo.App.2007). Also, the trial court overlooked Plaintiff's allegation that Store negligently failed to warn of or barricade the condition, a duty that could exist despite third-party responsibility for the danger.

Even if the lease flatly stated (which it does not) that Store did not "control" an area that it leased and occupied, Store admits that its employees inspected the area with authority to address dangers, and that Store's manager fixed potholes at Store's expense. Because "actions speak louder than words . . . the rule has evolved that where the behavior of an actor is at odds with its professed intent, the former will prevail." *Lahr v. Lamar R-1 Sch. Dist.*, 951 S.W.2d 754, 757–58 (Mo.App. 1997).

The lease's maintenance clause, to which Plaintiff was neither a party nor in privity, may bear on apportionment of liability between Store and Red Door. However, it did not justify summary judgment in and of itself, especially given the conflicting evidence on control. Thus, we also grant Point II.

## Conclusion

Summary judgment is often inappropriate in negligence cases, *Hale v. Wait*, 364 S.W.3d 720, 722 (Mo.App.2012), as this case illustrates. Genuine issues of material fact remain as to control of the accident site, existence of a dangerous condition, and causation. We reverse and remand for further proceedings.

JEFFREY W. BATES, J. and DON E. BURRELL, C.J., concur.