# United States Court of Appeals
## For the Eighth Circuit

_____

No. 21-2571

_____

Gerry Allen Hodge, By and through his Legal Guardian Linda Farrow

*Plaintiff - Appellant*

v.

Walgreen Co., doing business as Walgreens #07901

*Defendant - Appellee*

_____

Appeal from United States District Court
for the Western District of Missouri - Springfield

_____

Submitted: February 16, 2022
Filed: June 14, 2022

_____

Before SMITH, Chief Judge, BENTON and KELLY, Circuit Judges.

_____

SMITH, Chief Judge.

Gerry Allen Hodge tripped and fell in the parking lot of a Walgreen Co. d/b/a Walgreens store in Republic, Missouri. The district court[1] granted summary judgment for Walgreens. The court concluded that Hodge did not establish the existence of a

---

[1]The Honorable Brian C. Wimes, United States District Judge for the Western District of Missouri.

genuine dispute of material fact as to whether the "lip" formed at the junction of the parking lot's pavement and the brick sidewalk was a dangerous condition. Consequently, Hodge failed to establish an element of premises liability under Missouri law. Hodge appeals, arguing that the district court erred by granting summary judgment because the record shows that there was a genuine fact dispute regarding the dangerousness of the sidewalk. We affirm.

## I. *Background*

Hodge, an adult with Down syndrome, and Linda Farrow, his sister and legal guardian, visited the Walgreens store in August 2018. Upon arrival, they parked their van in a handicapped spot that they regularly used in the store's parking lot. After shopping, Hodge loaded packages into the driver's side of the van. He then began walking towards the front of the van when he tripped and fell. Ms. Farrow was in the driver's seat and could not see Hodge's feet immediately before or at the time of his fall. She did not remember seeing anything unusual about the sidewalk and did not notice anything different about the store's entryway from prior visits.

Another customer, Kami Means, who was also at the store when Hodge fell, testified that she saw a "gentleman trip and fall at the edge of the parking lot [and] the sidewalk" but that she was not able to see what he tripped on. R. Doc. 55-2, at 2. She testified that where the parking lot met the sidewalk was "pretty much the same level." R. Doc. 58-3, at 3. After his fall, Hodge told Ms. Farrow that he had tripped on the lip, but subsequently during his deposition he could not recall what caused his fall.

After the accident, Michael Farrow, Hodge's nephew, went to the store to see the area where Hodge had fallen. He returned to the store on another occasion to take photos of the area. He did not observe, and the photos do not depict, any holes or crumbling in the sidewalk or the parking lot or any trash or debris in the area.

Hodge suffered a head injury in the fall. His injury required multiple surgeries for a subdermal hematoma. He now experiences memory difficulties. Hodge, through Ms. Farrow, filed the instant suit in the Circuit Court of Greene County, Missouri. Walgreens removed the case to the Western District of Missouri and filed the instant motion for summary judgment, arguing that there was no evidence that it had created a dangerous condition that caused Hodge's injuries. Hodge presented testimony from Ms. Farrow and Ms. Means, an affidavit from Mr. Farrow, and Mr. Farrow's photos.

The district court applied Missouri negligence law on premises liability for injuries sustained by an invitee. *See Hodge by & through Farrow v. Walgreen Co.*, No. 6:20-CV-03020-BCW, 2021 WL 3021209, at *2 (W.D. Mo. Apr. 23, 2021). It cited to *Christian v. St. Francis Medical Center*, which set forth the elements for a premises liability claim by an invitee: (1) that "a dangerous condition existed on the premises that was not reasonably safe"; (2) that "the [defendant] knew of the condition, or through the use of ordinary care should have known of it"; and (3) that "the [defendant] failed to use ordinary care to remove, remedy, or warn of the dangerous condition." 536 S.W.3d 356, 358 (Mo. Ct. App. 2017). The district court determined that "[t]he dispositive issue . . . is whether the 'lip' is a dangerous condition that was not reasonably safe such that [Walgreens] had a duty to remove, remedy, or warn of it." *Hodge*, 2021 WL 3021209, at *3. In the absence of a genuine factual dispute, the court found that the lip was not a dangerous condition.

> Here, the uncontroverted facts, as supported by testimony and the record photographs, demonstrate [that] the area where Hodge tripped was not deteriorated, in bad repair, . . . or otherwise surrounded by debris. Additionally, [Ms.] Means stated [that] the brick and the pavement were about the same height, even if they were slightly uneven, thus creating the lip. Hodge does not provide any evidence to suggest the height differences between the brick and the pavement created an unreasonably dangerous condition, and the record does not otherwise support such a conclusion.

*Id*. The district court granted summary judgment for Walgreens.

-3-

## II. *Discussion*

Hodge argues that the district court erred by granting summary judgment because there was a genuine dispute as to whether the lip was a dangerous condition.

"We review a district court's grant of summary judgment de novo. We construe the facts in the light most favorable to the nonmoving party . . . and give [him] the 'benefit of all reasonable inferences in the record.'" *Shanner v. United States*, 998 F.3d 822, 824 (8th Cir. 2021) (citation omitted). "The movant has the burden of showing that there is no genuine issue of fact, but the plaintiff is not thereby relieved of his own burden of producing in turn evidence that would support a jury verdict." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 256 (1986).

> [T]he plain language of Rule 56(c) mandates the entry of summary judgment . . . against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial. In such a situation, there can be "no genuine issue as to any material fact," since a complete failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial. The moving party is "entitled to a judgment as a matter of law" because the nonmoving party has failed to make a sufficient showing on an essential element of her case with respect to which she has the burden of proof.

*Celotex Corp. v. Catrett*, 477 U.S. 317, 322–23 (1986).

"Because we are a federal court sitting in diversity, we apply the substantive law of the forum state." *Chew v. Am. Greetings Corp.*, 754 F.3d 632, 635 (8th Cir. 2014). The parties do not dispute that Missouri law applies. Hodge only argues that the district court erred by holding that he had failed to establish the first element of a premises liability claim by an invitee—the existence of a dangerous condition on the defendant's premises that was not reasonably safe. To establish that element,

"[t]he plaintiff must show that the instrumentality which caused the injury was either inherently dangerous . . . or defective or that it was placed in such a way that it created a dangerous condition." *Morrison v. St. Luke's Health Corp.*, 929 S.W.2d 898, 903 (Mo. Ct. App. 1996).

> Without some testimony or other evidence from which it can be inferred there was a dangerous condition . . . , there is no foundation for premises liability. However, in many cases, a plaintiff will not know exactly what happened or what caused the fall and there may be no eyewitnesses. In those cases, a plaintiff may rely on circumstantial evidence.

*Rycraw v. White Castle Sys.*, 28 S.W.3d 495, 499 (Mo. Ct. App. 2000) (citation omitted).

Hodge contends that the lip is a dangerous condition because the difference in height of the parking lot pavement and the sidewalk created a risk of someone tripping and falling. Walgreens argues, "Hodge did not present any evidence showing the height of the 'lip' or any standard with which the jury could evaluate the evidence and find that the 'lip' constituted a dangerous condition." Appellee's Br. at 22; *see also id*. at 21–22 (citing *Heacox v. Robbins Educ. Tours, Inc.*, 829 S.W.2d 600, 603 (Mo. Ct. App. 1992) (holding that the plaintiff failed to make a prima facie case showing that the incline of the pathway on which she fell was an unreasonable risk because there was no evidence showing the degree of the incline or another standard to evaluate the plaintiff's testimony)). Hodge counters that Walgreens, as the movant, bears the burden of proving the absence of a dangerous condition.

While Walgreens "has the burden of showing that there is no genuine issue of fact," *Anderson*, 477 U.S. at 256, its burden "may be discharged by 'showing'—that is, pointing out to the district court—that there is an absence of evidence to support the nonmoving party's case," *Celotex*, 477 U.S. at 325. Walgreens contends that no evidence shows the existence of a meaningful height difference between the parking

lot and the sidewalk. In fact, there is evidence to the contrary: Ms. Means testified that where the parking lot met the sidewalk was "pretty much the same level." R. Doc. 58-3, at 3. We conclude that Walgreens satisfied its burden.

Once the movant's burden is discharged, "if the record in fact bears out the claim that no genuine dispute exists on any material fact, it is then the respondent's burden to set forth affirmative evidence, specific facts, showing that there is a genuine dispute on that issue." *City of Mt. Pleasant v. Associated Elec. Co-op.*, 838 F.2d 268, 274 (8th Cir. 1988). Hodge has not produced record evidence showing that he tripped as a result of the difference in pavement and sidewalk height creating the lip. The burden thus shifted to Hodge to show that a genuinely disputed material fact remains.

Hodge argues that the following facts, viewed in the light most favorable to him, create a genuine dispute over whether the lip was a dangerous condition: (1) he told Ms. Farrow after his accident that he tripped on the lip; (2) Ms. Means testified that she saw him fall at the edge of the parking lot and the sidewalk; and (3) Mr. Farrow stated in his affidavit, and his photos showed, that the parking lot did not meet the sidewalk evenly.

He relies on *Shanner*; *Asbridge v. United States*, No. 2:17-CV-00025-MDH, 2019 WL 3976317 (W.D. Mo. Apr. 5, 2019); and *Smith v. The Callaway Bank*, 359 S.W.3d 545 (Mo. Ct. App. 2012), in support. Hodge's cited authorities are distinguishable. In *Shanner*, this court, applying Arkansas law, reversed a district court's grant of summary judgment because we found a genuine dispute over the evenness of the sidewalk on which the plaintiff tripped. 998 F.3d at 824, 826–27. The record in *Shanner*, however, contained the following testimony for which there are no analogues in this record: (1) the plaintiff's statement to a police officer that there was a half-inch difference between the slabs in the sidewalk; (2) expert testimony and the testimony of a hospital safety specialist that the sidewalk "obviously has the

potential to cause someone to trip"; and (3) an engineer's testimony that the black material in the jointed area between slabs in the sidewalk made the unevenness less noticeable and that he was not sure he would have noticed the hazard if he had not been looking for it. *Id*. at 825.

In *Asbridge*, the district court, applying Missouri law, denied summary judgment because it found a genuine dispute as to whether the presence of small pebbles in and around the area where the plaintiff fell in an asphalt parking lot could constitute a dangerous condition. 2019 WL 3976317, at *1, *3–*4, *6. The following testimony and evidence were presented in *Asbridge*: (1) the plaintiff testified that there was gravel in the parking lot and "scattered around" and that the parking lot "was always a mess," *id*. at *1; (2) the plaintiff's expert opined that the lot presented a dangerous condition; (3) photos showed that the pavement was "worn and littered with small pieces of gravel," *id*. at *4; and (4) a witness who was nearby when the plaintiff fell testified that the parking lot was "smooth" and had no "surface issues," *id*. at *1. Here, no witnesses testified that there were any holes or crumbling in the sidewalk or the parking lot or any trash or debris in the area where Hodge fell. Further, Mr. Farrow's affidavit did not describe, and his photos did not clearly depict, such issues with the area, either. Unlike in *Asbridge* where there was conflicting testimony as to the condition of the parking lot, all of the testimony and photographic evidence here are consistent in their depictions of the condition of the area where Hodge fell, and they all depict the area as not deteriorated, in bad repair, or surrounded by debris.

Lastly, in *Callaway Bank*, the Missouri Court of Appeals reversed the lower state court's grant of summary judgment because it found a genuine dispute as to whether a "coin-sized" lava rock that had made its way from the landscaped area along the sidewalk to the sidewalk was an open and obvious danger. 359 S.W.3d at 549. This case is inapposite because there the court did not determine whether the lava rock was a dangerous condition.

Hodge is correct that he was not required to produce expert testimony and that circumstantial evidence may be sufficient. But the circumstantial evidence presented fails to provide a sufficient basis for a jury to infer the presence of a dangerous condition created by Walgreens. Hodge relies on *Tiger v. Quality Transportation, Inc.*, 375 S.W.3d 925 (Mo. Ct. App. 2012), and *Rycraw* in support. In *Tiger*, the Missouri Court of Appeals reversed the lower state court's grant of summary judgment because it found a genuine dispute as to whether a dangerous condition existed on the curb outside the defendant's store where the plaintiff fell. *Id*. at 926–28. "[The] [p]laintiff testified that her foot felt like it went partly in a hole" and "[p]hotos . . . show[ed] a cracked or uneven surface in th[e] area" where she fell. *Id*. at 927. In *Rycraw*, the Missouri Court of Appeals found that the plaintiff's testimony provided circumstantial evidence "from which it [could] be inferred that the warning cone itself was a dangerous condition and that she fell as a result of it." 28 S.W.3d at 499. The plaintiff testified that when she walked up to the counter at the defendant's restaurant there was no warning cone in her path but when she turned around to leave the counter "the cone was right there, [she] just started slipping. [She] couldn't catch [her] fall because [her] foot was caught with the cone." *Id*. Unlike the plaintiffs in *Tiger* and *Rycraw*, Hodge provided no circumstantial evidence of an inherently dangerous "cracked or uneven surface" or something "placed" so it created a dangerous condition.

Hodge argues that "the fact that he tripped on the lip at an uneven surface creates an inference that the lip was involved in the fall and may have become a dangerous condition." Appellant's Reply Br. at 10 (internal quotation marks omitted). Walgreens argues that "it can only be inferred that Hodge fell on the lip of the brick portion of the sidewalk" but "[t]here is nothing from these facts to infer the lip was dangerous." Appellee's Br. at 20. Walgreens points out that the Missouri Court of Appeals rejected an argument similar to Hodge's in *Heacox*. *See* 829 S.W.2d at 603 (rejecting the argument of the plaintiff, who fell while ascending an asphalt pathway, that her testimony that the incline of the pathway was "steep" permitted the lower

court to infer that the pathway was dangerous).[2] *See also Badovinatz v. Brown*, 192 S.W.3d 445, 448 (Mo. Ct. App. 2006) (ample circumstantial evidence of the cause of a fall "could not prove the existence of a dangerous condition").

We hold that Hodge did not present any evidence, direct or circumstantial, permitting the reasonable inference that a dangerous condition caused his accident. The district court, therefore, did not err by granting summary judgment to Walgreens. *See Celotex*, 477 U.S. at 322.

III. *Conclusion*

Accordingly, we affirm the judgment of the district court.

_____

[2]Although *Heacox* was before the Missouri Court of Appeals on review of a different motion—that court reviewed the lower state court's grant of directed verdict for the defendant—that court was, and this court is, required to "view the evidence and permissible inferences most favorably to the plaintiff." *Id*. at 601.